**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**October 13, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP881-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. **2018CM53**

**IN COURT OF APPEALS**
**DISTRICT III**

STATE OF WISCONSIN,

 PLAINTIFF-RESPONDENT,

 V.

KYLE M. KLEINSCHMIDT,

 DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Lincoln County: JAY R. TLUSTY, Judge. *Affirmed*.

¶1 GILL, J.[1] Kyle Kleinschmidt appeals from a judgment of conviction for one count of operating a motor vehicle while revoked and one count of misdemeanor bail jumping. He contends the circuit court erred by denying his

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

motion to suppress evidence. Kleinschmidt argues that it was unreasonable for the arresting officer to stop him, insomuch as the officer's actions were based on an incorrect interpretation of law, and that the Wisconsin Administrative Code was inapplicable in this case. Because we agree with the court that the arresting officer had reasonable suspicion to believe that Kleinschmidt had committed a traffic violation, we affirm.

## BACKGROUND

¶2    Officer Kurt Perra of the City of Merrill Police Department was monitoring traffic with his speed gun when he observed Kleinschmidt driving his vehicle on Riverside Avenue in Merrill. Perra was familiar with Kleinschmidt and suspected that Kleinschmidt did not have a valid driver's license.

¶3    Perra followed Kleinschmidt's vehicle in an attempt to get close enough to run its license plate. Once Perra was close enough to read the plate number, however, Kleinschmidt pulled into a parking lot. When Perra pulled into the lot behind Kleinschmidt, he noticed the vehicle's center high-mount brake light (hereinafter, "high brake light")[2] above the rear window was not illuminated.

¶4    Based on his observation that the high brake light was not functioning, Perra stopped Kleinschmidt's vehicle. After Perra approached the vehicle, he advised Kleinschmidt about the high brake light violation and asked

---

[2] This feature is also known as a center high-mounted stop lamp. WISCONSIN ADMIN. CODE § TRANS 305.15(5)(a) (May 2014), states, in relevant part: "The high-mounted stop lamp of every motor vehicle originally manufactured with a high-mounted stop lamp shall be maintained in proper working condition and may not be covered or obscured by any object or material." All references to the WIS. ADMIN. CODE ch. 305 are to May 2014 register unless otherwise noted.

for Kleinschmidt's identification. Kleinschmidt stated that he did not have a valid driver's license. When Perra entered Kleinschmidt's license plate information into his computer, he discovered that Kleinschmidt's license was revoked, and that he had eight prior violations for operating after revocation. Kleinschmidt was thereafter charged with one count of operating a motor vehicle while revoked and one count of misdemeanor bail jumping, based on a pending drug possession charge in Lincoln County.

¶5 Kleinschmidt subsequently filed a motion to suppress, arguing that he was unlawfully stopped in violation of his constitutional rights. Specifically, Kleinschmidt argued that Perra did not have reasonable suspicion to initiate a stop because Perra was not aware of Kleinschmidt's revoked status until after he was stopped. In addition, Kleinschmidt asserted that although his vehicle's high brake light was not operating, its two side brake lights were functioning and thus Kleinschmidt was in compliance with the law.

¶6 The circuit court denied Kleinschmidt's motion, concluding that Perra had reasonable suspicion to believe that Kleinschmidt had violated a traffic regulation and, therefore, the stop was lawful. Kleinschmidt later filed a motion to reconsider, which the court denied. Kleinschmidt subsequently pled no contest to the revocation and misdemeanor bail jumping charges. Kleinschmidt now appeals, arguing that the court erred by denying his suppression motion.[3]

---

[3] An order denying a motion to suppress evidence may be reviewed on appeal notwithstanding the defendant's guilty or no-contest plea. WIS. STAT. § 971.31(10).

**DISCUSSION**

¶7      An officer must have reasonable suspicion that a traffic law has been or is being violated to justify a traffic stop. *State v. Houghton*, 2015 WI 79, ¶30, 364 Wis. 2d 234, 868 N.W.2d 143. Reasonable suspicion depends on an officer's ability "to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968). The focus is on reasonableness, and we examine whether the facts of the case would warrant a reasonable police officer, in light of his or her training and experience, to suspect that an individual is committing, is about to commit, or has committed an offense. *State v. Anderson*, 155 Wis. 2d 77, 83-84 & n.1, 454 N.W.2d 763 (1990).

¶8      Whether evidence should be suppressed is a question of constitutional fact. *State v. Knapp*, 2005 WI 127, ¶19, 285 Wis. 2d 86, 700 N.W.2d 899. We will uphold a circuit court's findings of fact unless they are clearly erroneous, but we independently review whether those facts meet the constitutional standard. *State v. Johnson*, 2007 WI 32, ¶13, 299 Wis. 2d 675, 792 N.W.2d 182.

¶9      Here, Kleinschmidt does not argue that Perra lacked reasonable suspicion to believe that he violated WIS. ADMIN. CODE § TRANS 305.15. Instead, Kleinschmidt contends Perra lacked reasonable suspicion to stop his vehicle because Perra relied on WIS. STAT. § 347.14(1) as the basis for the stop, rather than § TRANS 305.15. Kleinschmidt argues the undisputed facts establish that he did not violate the plain language of § 347.14(1). Kleinschmidt further contends that § TRANS 305.15 is inapplicable for two reasons: (1) Perra was not aware of

4

§ TRANS 305.15 at the time of the stop; and (2) § TRANS 305.15 exceeds the authority granted in § 347.15 and is therefore invalid.

¶10     We reject Kleinschmidt's contention that Perra lacked reasonable suspicion for the stop because Perra did not specifically reference WIS. ADMIN. CODE § TRANS 305.15 when making the traffic stop and instead cited WIS. STAT. § 347.14(1).  Law enforcement officers are not required to know the exact statute or administrative code provision prohibiting certain conduct before they can make a stop based upon that conduct.  In *State v. Guzy*, 139 Wis. 2d 663, 679-80, 407 N.W.2d 548 (1987), our supreme court stated:

> We recognize that a law enforcement officer cannot, in the few seconds sometimes available to him or her, always articulate at the moment all of the facts and circumstances that motivate their action.  Instinct based on training, experience and circumstances may well lead that officer to the correct decision notwithstanding his or her ability to articulate either at the time or even after the fact, to him or herself or others, the reasons for the action.  We cannot demand that and we do not.  The law expects reasonableness, and the courts must take into account the factors outlined in this opinion in judging the reasonableness of law enforcement officer's actions.

In this case, Perra testified that while he did not know the exact administrative code provision at issue, he had reviewed the traffic code many times during his career and had conducted stops pursuant to that provision for fifteen to twenty years.

¶11     Additionally, although Perra was mistaken as to whether the code or a statute applied, this mistake does not invalidate his reasonable suspicion to support a traffic stop.  An objectively reasonable mistake of law by a police officer can form the basis for reasonable suspicion to conduct a traffic stop.  *See Houghton*, 364 Wis. 2d 234, ¶52.  Although Perra mistakenly cited WIS. STAT.

§ 347.14(1) as a basis to pull Kleinschmidt over instead of the applicable code provision, Perra was aware from his long-term experience that the code prohibited a motor vehicle from operating with a nonfunctional high brake light.

¶12 We also reject Kleinschmidt's assertion that the stop was unreasonable because WIS. ADMIN. CODE § TRANS 305.15 exceeds the authority granted by WIS. STAT. § 347.14 and is therefore invalid. Perra testified that at the time of the stop, he believed Kleinschmidt's nonfunctioning high brake lamp was a violation. An officer may perform an investigatory stop of a vehicle based on a reasonable suspicion of a noncriminal traffic violation. *See State v. Colstad*, 2003 WI App 25, ¶11, 260 Wis. 2d 406, 659 N.W.2d 394. Perra's belief in that regard was objectively reasonable, based on the language of § TRANS 305.15(5)(a). As the State observes, there is no evidence to indicate that Perra had any "reason to believe that this administrative code provision was inconsistent with a Wisconsin statute." Thus, even assuming without deciding that § TRANS 305.15 is invalid for the reason Kleinschmidt urges, we nevertheless conclude that Perra's mistaken reliance on that administrative code section was objectively reasonable and could therefore form the basis for reasonable suspicion to stop Kleinschmidt's vehicle.

¶13 In summary, when Perra pulled up behind Kleinschmidt, he noticed that Kleinschmidt's high brake light was not illuminated. Perra referred to this as a "brake light violation, 347," which applies to stop lamps, not high brake lights. Although Perra mistakenly relied on the statute instead of the administrative code, Perra clarified, through testimony, his familiarity with the relevant administrative code provision and his previous reliance on it. Based on his training and experience, Perra had a reasonable belief that the code allowed for the traffic stop he made. Because we conclude any mistake by Perra in relying on the statute was

objectively reasonable, the stop of Kleinschmidt was lawful. Accordingly, we affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.